IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**CODY ALLEN SILVERS,**
  **Plaintiff,**

v.                CIVIL ACTION NO. 3:18-CV-158
                   (GROH)

**PRIME CARE MEDICAL,**
  **Defendant.**

## REPORT AND RECOMMENDATION

### I. Introduction

Plaintiff is a state inmate[1] confined at the Eastern Regional Jail, in Martinsburg, West Virginia. ECF No. 1. He filed this civil rights action pursuant to 42 U.S.C. § 1983, complaining of the medical treatment he is receiving at the jail.

### II. Factual and Procedural History

On October 1, 2018, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights by the defendant Prime Care Medical at the Eastern Regional Jail. Plaintiff's complaint lists two grounds for relief: (1) that his medical needs were neglected; and (2) that he was given the wrong medication. ECF No. 1 at 7 – 8. Plaintiff claims that he was placed on an antibiotic and that his medication was going to be changed. However, he asserts that he did not receive additional medical attention. Id. at 7. Plaintiff further asserts that on "September 10" he

---

[1] According to the West Virginia Regional Jail and Correctional Facility Information Offender Search website, https://apps.wv.gov/OIS/OffenderSearch/RJA/Offender/Search, Plaintiff was incarcerated starting August 9, 2018, as a Division of Corrections inmate, in Berkeley County, West Virginia case numbers 18-F-360 and 18-F-223.

was given the wrong medication which made him sick and dizzy. Upon reporting his symptoms, he was accused of lying and was threatened with "lockdown". Id. at 8. Plaintiff claims that he suffered injuries including becoming dizzy, vomiting and experiencing diarrhea. ECF No. 1 at 9. For relief Plaintiff asks for "proper medical attention" and "compensat[ion] for [his] pain and suffering". Id.

### III.  Standard of Review

A.  Pro Se Litigant

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[2] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but

---

[2] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

>also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

The Federal Rules of Civil Procedure require only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1, 92 S.Ct. 594, 596 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007).  While *pro se* pleadings are held to a less stringent standard than those drafted by attorneys,  even under this less stringent standard, a *pro se* complaint is still subject to dismissal.  Haines, supra, at 520–21. "[T]he mandated liberal construction afforded to pro se pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.'"  Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir.1999). However, "judges are [ ] not required to construct a party's legal arguments for him."  Small v. Endicott, 998 F.2d 411, 417 - 8 (7th Cir.1993).

Although a complaint need not contain detailed factual allegations, a plaintiff's

3

obligation in pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

**B.    § 1983 Claims**

The Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254–257 (1978). In Gomez v. Toledo, 446 U.S. 635 (1980), the Supreme Court succinctly stated what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that **some person** has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.

Gomez, 446 U.S. at 640 (emphasis added).

4

## IV.  Analysis

A review of the complaint pursuant to 28 U.S.C. § 1915A(b), reveals that Plaintiff fails to present a claim upon which relief can be granted.  Actions authorized under § 1983 are intended to "deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights."  Wyatt v. Cole, 504 U.S. at 161.  Critically, complaints in § 1983 actions must allege that some person has deprived him of a federal right.  Gomez, 446 U.S. at 640.

Plaintiff named Prime Care Medical as the defendant in his civil rights complaint.  Prime Medical Care is purported to provide him medical care at the correctional institution where he was incarcerated.  An institutional medical provider is improperly named as a defendant in a civil rights action[3].  Further, Plaintiff failed to make a single allegation against any named individual in the body of his complaint.

Plaintiff has failed to comply with the Federal Rules of Civil Procedure requirement that only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555.  In this case, Plaintiff's complaint is both short and plain, but fails to name a proper defendant or to provide any factual allegations against any named individual.  Even construing Plaintiff's pleading liberally, he fails to state a claim upon which relief can be granted.

## V.  Recommendation

For the foregoing reasons, this Court **RECOMMENDS** that the Complaint [ECF

---

[3]  It is unclear if Plaintiff intended to name the Eastern Regional Jail as a separate defendant, or if he only intended to name Prime Care Medical located at the Eastern Regional Jail.  Regardless, the analysis herein would not change, as institutions are improperly named defendants in actions under § 1983.

No. 1] be **DISMISSED WITHOUT PREJUDICE**, based on the failure to state a claim upon which relief can be granted.  This Court further recommends that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] be **DENIED as MOOT**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.  A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.  Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.  28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985); Wells v. Shriners Hosp., 109 F.3d 198 (4th Cir 1997).

This Report and Recommendation completes the referral from the District Court.  The Clerk is directed to terminate the Magistrate Judge association with this case.

The Clerk of the Court is directed to send a copy of this Order to the Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record via electronic means.

DATED:    October 2, 2018

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDG